# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

STATE OF DELAWARE        )
)
)
)
v.          )
)    **ID No. 88005990DI**
)
EDWARD ROYAL       )
)
Defendant.    )
)
)
)

Submitted:October 8, 2015
Decided:January 15, 2016

*Upon Defendant's Motion for Postconviction Relief,* **DENIED**.
*Upon Defendant's Motion for Appointment of Counsel,* **MOOT.**

Kathleen M. Jennings, Esquire, Deputy Attorney General, Department of Justice, Carvel State Building, 820 N. French Street, 7th Floor, Wilmington, DE 19801

Edward Royal, *pro se*,SBI No. 00212232, James T. Vaughn Correctional Center, 1181 Paddock Road, Smyrna, DE 199777

**BRADY, J.**

## I. INTRODUCTION AND PROCEDURAL HISTORY

Before the Court is a Motion for Postconviction Relief filed pursuant to Superior Court Criminal Rule 61 ("Rule 61") and Motion for Appointment of Counsel filed by Edward Royal ("Royal", "Defendant") onOctober 8, 2015.[1]The Defendant was convicted on March 1, 1989,following a jury trial, of charges of Burglary in the Second Degree, Kidnapping in the First Degree and Unlawful Sexual Intercourse in the First Degree. The charges arose from the rape of a young woman in the hallway of her home.

Immediately prior to trial, the Court held a hearing on Defendant's Motion to Suppress Evidence based on claims the search warrant executed by police lacked probable cause and did not properly support a night time search. The Motion was denied, and trial commenced.[2]

Following the Defendant's conviction, the Court ordered a presentence investigation. While pending sentencing, Defendant filed a *pro se* Motion for Judgment of Acquittaland New Trial, which included a claim that "Petitioner was denied effective assistance of counsel."[3]Trial counsel then filed a Motion to Withdraw.[4] The Court granted the motion and new counsel was appointed by the Court for "post-conviction purposes and sentencing."[5]

On November 22, 1989, the Motion for Judgment of Acquittal was granted as to the charge of Kidnapping in the First Degree.[6] The Motion for New Trial was denied.[7]

---

[1]Def.'s Mot. forPostconviction Relief, *State v. Royal*, No. 88005990DI, Docket No. 45 (Oct. 8, 2015); Def.'s Mot. for Appointment of Counsel, *State v. Royal*, No. 88005990DI, Docket No. 46 (Oct. 8, 2015).

[2]Order, *State v. Royal*, No. 88005990DI, Docket No. 15 (Feb. 22, 1989).

[3]Motion for Judgment of Acquittal and New Trial, *State v. Royal*, No. 88005990DI, Docket No. 19 (March 30, 1989).

[4]Motion to Withdraw as Counsel, *State v. Royal*, No. 88005990DI (April 10, 1989).

[5]Order, *State v. Royal*, No. 88005990DI, Docket No. 23 (Nov. 22, 1989) (granting Motion for Appointment of Counsel); *see also* Order, *State v. Royal*, No. 88005990DI, Docket No. 24 (Dec. 4, 1989) (appointing counsel).

[6]Order, *State v. Royal*, No. 88005990DI, Docket No. 22 (Nov. 22, 1989).

[7]Order, *State v. Royal*, No. 88005990DI, Docket No. 22 (Nov. 22, 1989).

The Defendant was sentenced on January 26, 1990 to 10 years incarceration for the charge of Burglary in the Second Degree, and received a life sentence for the charge of Unlawful Sexual Intercourse in the First Degree.

Counsel who had been appointed to handle post-conviction matters filed an appeal.[8] On appeal, the only issue raised was a claim that the trial court should not have permitted a fingerprint expert to express an opinion about the age of Defendant's fingerprint, found at the scene of the crime. The Supreme Court affirmed the convictions on February 4, 1992.[9]

The next entry in the docket is in 2001, which documents a letter to the trial judge from the Defendant, dated February 11, 2001, in which the Defendant writes "I'm writing today fully admitting completely to my offenses that I have committed", expresses remorse for the impact his crime had on the victim, and seeks the trial judge's support in a commutation application.[10] Subsequently, in June and October, 2001, the Defendant writes again regarding his application for commutation.[11]

In November, 2003, a letter was received by the Court, addressed to Andrew Rosen, an Assistant Public Defender, thanking him for his efforts on Defendant's behalf and "looking forward to working with you and reactivate and proceed at some time in the near future."[12] The envelope is addressed to Mr. Rosen at the New Castle County Courthouse address. It is unclear if it was ever forwarded to Mr. Rosen or any judicial officer.

On June 8, 2015, the Court received a "Notice of Service" sent by the Defendant reflecting the Defendant had served a request for "copy of discovery Super.Ct.Crim. Rule 16"

---

[8]Notice of Appeal, *State v. Royal*, No. 88005990DI, Docket No. 29 (Feb. 13, 1990).
[9]Mandate Affirmed, *State v. Royal*, No. 88005990DI, Docket No. 38 (March 4, 1992).
[10]Def.'s Letter, *State v. Royal*, No. 88005990DI, Docket No. 39 (Feb. 21, 2001).
[11]Def.'s Letter, *State v. Royal*, No. 88005990DI, Docket No. 41 (June 27, 2001); *see also* Def.'s Letter, *State v. Royal*, No. 88005990DI, Docket No. 42 (Oct. 18, 2001).
[12]Def.'s Letter, *State v. Royal*, No. 88005990DI, Docket No. 43 (Dec. 9, 2003).

from a "Deputy Attorney General."[13]   On August 7, 2015, a second "Notice of Service" was received by the Court reflecting that a similar request was again served.

On October 8, 2015, the Defendant filed a *pro se*Motion for Post-Conviction Relief, Memorandum of Law and Motion for Appointment of Counsel.[14]

In his Motion, Defendant raises 4 issues:

1)    The search warrant was defective on several grounds – that there was no probable cause, that it was illegally procured, that the Magistrate was not neutral and impartial, and that the warrant did not legally support a nighttime search.

2)    That there was insufficient evidence to support a finding, beyond a reasonable doubt, that the Defendant was guilty of the offenses charged.

3)    The Superior Court's denial of the Motion to Suppress was arbitrary, violated due process, and was contrary to *Mason*.[15]

4)    The fingerprint expert lacked scientific data to support his testimony and therefore it was error to allow that testimony.

Notably, the Defendant makes no claim that his trial attorney was ineffective in any way.

### III.  APPLICABLE LAW

Before addressing the merits of Defendant's claims, the Court must apply the procedural bars set forth in Superior Court Criminal Rule 61(i).[16]   Rule 61, provides that the Court must reject a motion for postconviction relief if it is procedurally barred.  That Rule provides that a motion is procedurally barred if the motion is untimely, repetitive, a procedural default exists, or

---

[13]Def.'s Letter, *State v. Royal*, No. 88005990DI, Docket No. 44 (June 11, 2015).
[14]Def.'s Mot. for Postconviction Relief, *State v. Royal*, No. 88005990DI, Docket No. 45 (Oct. 8, 2015)
[15]*Mason v. State*, 534 A.2d 242 (Del. 1987).
[16]*Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

4

the claim has been formerly adjudicated.[17]Rule 61(i)(1) provides that a motion for postconviction relief is time barred when it is filed more than one year after the conviction has become final or one year after a retroactively applied right has been newly recognized by the United States Supreme Court or by the Delaware Supreme Court.[18] Rule 61(i)(3) bars consideration of any claim "not asserted in the proceedings leading to the conviction" unless the petitioner can show "cause for relief from the procedural default" and "prejudice from violation of the movant's rights."[19] Rule 61(i)(4) provides that any claim that has been adjudicated "in the proceedings leading to the judgment of conviction, in an appeal, in a postconviction proceeding, or in a federal habeas corpus proceedings" is barred "unless reconsideration of the claim is warranted in the interest of justice."[20]

If a procedural bar exists, the Court will not consider the merits of Defendant's postconviction claim unless Defendant can show that the exception found in Rule 61(i)(5) applies.[21] Rule 61(i)(5) provides that the procedural bars can be overcome if Defendant makes out a "colorable claim that there was a miscarriage of justice because of a constitutional violation that undermines the fundamental legality, reliability, integrity or fairness of the proceedings leading to the judgment of conviction."[22]

## IV. ANALYSIS

Defendant acknowledges procedural bars are present in this case that could prevent the Court from hearing his claims. Defendant however requests that this Court allow review "in the aspect of actual innocence exception" and "miscarriage of justice in relation to Constitutional

---

[17]*See* Super. Ct. Crim. R. 61(i)(1)-(4).
[18] Super. Ct. Crim. R. 61(i)(1).
[19] Super. Ct. Crim. R. 61(i)(3).
[20] Super. Ct. Crim. R. 61(i)(4).
[21]*See* Super. Ct. Crim. R. 61(i)(5).
[22]*Id.*

Violations."[23] The rule in effect at the time Defendant filed his Motion for Postconviction relief no longer contains an exception based on a miscarriage of justice in relation to constitutional violations.[24]Rather, the exception requires Defendant to plead with particularity that a new rule of constitutional law, made retroactive, applies to Defendant's case and renders the conviction invalid.[25] Defendant has failed to so plead.

Defendant's argument that the Court should hear the matter, despite any procedural bars,based on a claim of actual innocence is also without merit.Not only does Defendant fail to plead facts to support such a finding, Defendant wrote a letter to the trial judge, dated February 11, 2001, in which the Defendant writes "I'm writing today fully admitting completely to my offenses that I have committed", expresses remorse for the impact his crime had on the victims, and seeks the trial judge's support in a commutation application.[26]There is no basis whatsoever to permit the Court to excuse the time barred claims on this ground.

Defendant's Motion for Postconviction relief is barred under Rule 61(i)(1).The instant motion was filed more than one year after Defendant's conviction became final. Defendant has not asserted a retroactively applicable right that is newly recognized after the judgment of conviction became final. Defendant's conviction became final thirty days after the Delaware Supreme Court affirmed his conviction.[27] The instant motion was not filed until 23 years after the conviction became final, nearly a quarter century later.[28]Subsection (2)(i) and (2)(ii) of section (d) to Rule 61state that if the motion is not filed within the time limits, the movant must

---

[23]Def.'s Mot. forPostconviction Relief, *State v. Royal*, No. 88005990DI, Docket No. 45 (Oct. 8, 2015).
[24]*See* Super. Ct. Crim. R. 61(i)(5).
[25]*Seeid.*
[26]Def.'s Letter, *State v. Royal*, No. 88005990DI, Docket No. 39 (Feb. 21, 2001).
[27] Mandate, *State v. Royal*, No. 88005990DI, Docket No. 38 (March 4, 1992).
[28]Def.'s Mot. forPostconviction Relief, *State v. Royal*, No. 88005990DI, Docket No. 45 (Oct. 8, 2015).

plead new evidence exists or that a new rule of constitutional law, made retroactive to cases, applies to the movant's case and renders the conviction invalid.[29]

Defendant's motion is also procedurally barred on other grounds. To the extent that Defendant seeks to relitigate the question ofwhether the expert testimony should have been admitted, it is procedurally barred under Rule 61(i)(4) as formerly adjudicated.[30] Pursuant to Rule 61(i)(3), Defendant's remaining claims: (1) whether there was sufficient evidence to support his conviction; and (2) whether the search warrant was valid, are procedurally barred as waived because he failed to raise these issues when hesought review by the Delaware Supreme Court on appeal.

For these reasons, Defendant's Motion for Postconviction Relief is **SUMMARILY DISMISSED**. Having determined Defendant's Motion for Postconviction Relief is procedurally barred, Defendant's Motion for Appointment of Counsel to assist him with his postconviction motion is **MOOT**.

**IT IS SO ORDERED.**

_____/s/_____
**M. Jane Brady**
Superior Court Judge

---

[29] Super. Ct. Crim. R. 61(d)(2)(i)-(ii).

[30] Rule 61(i)(4) provides that any claim that has been adjudicated "in the proceedings leading to the judgment of conviction, in an appeal, in a postconviction proceeding, or in a federal habeas corpus proceedings" is barred "unless reconsideration of the claim is warranted in the interest of justice." Super. Ct. Crim. R. 61(i)(4).